# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**DONALD J. CELLA,**
**Claimant Below, Petitioner**

**FILED**
**January 29, 2025**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**v.) No. 24-ICA-166**          (JCN: 2022017168)

**RALEIGH COUNTY BOARD OF EDUCATION,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Donald J. Cella appeals the March 21, 2024, order of the Workers' Compensation Board of Review ("Board"). Respondent Raleigh County Board of Education ("Raleigh County") filed a timely response.[1] Mr. Cella did not file a reply. The issue on appeal is whether the Board erred in affirming the claim administrator's orders, which 1) denied the claimant's request to add a left shoulder injury to the claim; and 2) denied authorization for arthroscopy of the left shoulder.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Cella sustained a compensable right shoulder injury while employed by Raleigh County, when he lifted a stage prop on February 8, 2022. The Employees' and Physician's Report of Occupational Injury dated March 30, 2022, listed a right shoulder and right arm injury. An MRI of the right shoulder on March 31, 2022, revealed a massive tear of the rotator cuff, acromioclavicular and glenohumeral arthropathy, and labral tear. The claim administrator held the claim compensable for right shoulder strain by order dated April 1, 2022.

George K. Bal, M.D., an orthopedic surgeon, began to treat Mr. Cella's right shoulder on June 6, 2022. Dr. Bal placed Mr. Cella on light duty work and restricted him from using his right shoulder to lift, perform overhead work, and limited how much he could push or pull. Dr. Bal indicated that surgery was possibly required. David L. Soulsby,

---

[1] Mr. Cella is represented by Reginald D. Henry, Esq., and Lori J. Withrow, Esq. Raleigh County is represented by Jeffrey M. Carder, Esq.

M.D., performed an independent medical evaluation ("IME") of Mr. Cella and determined that there was a reasonable medical probability that the work injury caused Mr. Cella's right shoulder rotator cuff tears and further determined that surgery was reasonable and medically related to the work injury.

Dr. Bal continued to treat Mr. Cella for his right shoulder injury and ultimately performed surgery on Mr. Cella's right shoulder. On March 13, 2023, after the right shoulder surgery, Mr. Cella began to complain to Dr. Bal about pain in his left shoulder and attributed it to overuse due to the right shoulder injury. Dr. Bal indicated that although Mr. Cella had been previously authorized for a one-time visit related to the left shoulder, that visit never occurred. Thus, Dr. Bal planned to again request approval for a visit regarding the left shoulder.

About a month later, on April 10, 2023, Dr. Bal completed a Diagnosis Update form requesting approval for a one-time consultation related to Mr. Cella's left shoulder complaints and listed the diagnosis as left shoulder pain. On April 27, 2023, Dr. Bal examined Mr. Cella's left shoulder, noting that it was painful when lifting things and using it for overhead work. According to Dr. Bal, Mr. Cella reported that his left shoulder problems began after he had to overuse it to compensate for his injured right shoulder. X-rays performed during the visit showed no glenohumeral arthritis or osteophyte formation in the left shoulder. Dr. Bal diagnosed Mr. Cella with left shoulder pain and left biceps tendinitis and ordered an MRI to evaluate for a SLAP tear.

In an order dated May 4, 2023, the claim administrator denied Dr. Bal's request "to include a diagnosis for the left shoulder" because it found the medical evidence did not demonstrate a left shoulder injury had occurred in the course of and resulting from employment. The claim administrator referenced Dr. Bal's Diagnosis Update requesting that left shoulder pain be added as a compensable condition and noted that it had received additional information on May 1, 2022, indicating a possible diagnosis of left shoulder biceps tendinitis. Mr. Cella protested the claim administrator's order.

The claim administrator also issued another grievable order on May 4, 2023, which denied authorization for an MRI of the left shoulder. Mr. Cella wrote a letter dated May 24, 2023, in response to the grievable order. In his letter, Mr. Cella explained that after he injured his right shoulder he kept working and that he had injured his left shoulder on August 16, 2022. Mr. Cella stated that on the day he injured his left shoulder, he filed an internal injury report and was advised by Jennifer Colvin, the school's safety director, to tell Dr. Bal to include his left shoulder in the existing claim for his right shoulder because the injury was due to overcompensating with his left arm.

On June 15, 2023, Dr. Bal examined Mr. Cella, who noted that he injured his left shoulder "from compensating" as he recovered from his right shoulder injury. Dr. Bal reviewed an MRI arthrogram of the left shoulder and diagnosed Mr. Cella with a large,

high-grade partial to near full-thickness rotator cuff tear and a superior labral tear. Dr. Bal requested authorization for left shoulder arthroscopy with rotator cuff repair, labral debridement, and biceps tenodesis and took Mr. Cella off work.

The claim administrator issued a grievable order on June 16, 2023, denying Dr. Bal's request for left shoulder arthroscopy, debridement, rotator cuff repair, and biceps tenodesis, as the left shoulder was not accepted in the claim. Mr. Cella filed a grievance for this order. By order dated August 16, 2023, the claim administrator issued a protestable order affirming the denial of authorization for left shoulder surgery and finding that the compensable injury was to the right shoulder and "any treatment to the left shoulder would require a claim for that new injury" as it was not compensable under the right shoulder claim.

On August 15, 2023, Syam B. Stoll, M.D., performed an IME of Mr. Cella. Upon examination of Mr. Cella's injured right arm and the left arm, which he referred to as "uninjured," Dr. Stoll agreed with Dr. Soulsby's conclusions about compensability and treatment of the right shoulder. Dr. Stoll responded to the claim administrator's request for an opinion about Mr. Cella's left shoulder "considering there were no complaints regarding the left shoulder until more than a year following the compensable work injury." Dr. Stoll compared the left shoulder MRI to the initial right shoulder MRI and opined that the findings in the right shoulder were not acute, but took years to develop. Dr. Stoll then stated that, while the left shoulder MRI was similar to the right shoulder, "[Mr. Cella] did not sustain injuries to the left shoulder in the claim" and thus, he felt that both shoulders had extensive preexisting degenerative conditions that were unrelated to the February 2022 injury. Accordingly, Dr. Stoll recommended that treatment for the left shoulder be denied in the claim.

During his deposition on September 23, 2023, Mr. Cella testified that on August 16, 2022, he felt a sharp pain in his left shoulder while lifting and moving furniture at work. He explained that he had been using his left arm and shoulder to lift things and perform his normal job duties because he had limited use of his injured right shoulder. According to Mr. Cella, when he completed an accident report on August 16, 2022, the school's safety director told him to file the incident under the existing right shoulder claim because the injury was due to overcompensating for the right shoulder. Further, Mr. Cella testified that after the claim administrator informed him that he should not have used the old claim number for his left shoulder injury, he asked Ms. Colvin why she had advised him to file the left shoulder injury in the right shoulder claim, and she said that the claim administrator had advised her to use the old claim number.

The Board issued an order dated March 21, 2024, affirming the claim administrator's order that denied the addition of a left shoulder injury as a compensable condition and affirming the claim administrator's order that denied authorization for left shoulder arthroscopy. The Board determined that although Dr. Bal indicated that Mr.

3

Cella's left shoulder problems were due to overcompensating for the right shoulder, Mr. Cella testified and wrote in his grievance letter dated May 24, 2023, that he injured his left shoulder on August 16, 2022, while moving furniture. Further, the Board concluded that the first medical record indicating complaints about the left shoulder was dated March 13, 2023, which was over a year after the compensable injury. Finally, the Board noted that Dr. Bal requested the addition of left shoulder pain as a compensable condition and cited several decisions by the Supreme Court of Appeals of West Virginia holding that pain is not a compensable condition. Thus, the Board held that Mr. Cella did not establish that he sustained a left shoulder injury as a result of the compensable injury on February 8, 2022. Because the Board found that the left shoulder was not compensable, it also affirmed the denial of treatment for it. Mr. Cella now appeals the Board's order.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
>
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Syl. Pt. 2, *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (2024).

On appeal, Mr. Cella argues that the Board erred in finding that he did not sustain a left shoulder injury in the course of and resulting from his employment. Specifically, Mr. Cella contends that a preponderance of the evidence reveals that his left shoulder injury is the direct result of overcompensating for his compensable right shoulder injury. Further, he notes that the evidence shows that the claim administrator advised him to file his left shoulder injury under the same claim as his compensable right shoulder injury. Finally, Mr. Cella asserts that the Board erred by failing to perform an analysis under *Moore v. ICG Tygart Valley, LLC,* 247 W. Va. 292, 879 S.E.2d 779 (2022), and failing to recognize that Mr. Cella had no previous left shoulder symptoms. Since the left shoulder injury should have been ruled compensable, Mr. Cella also argues that the Board erred by affirming the

4

claim administrator's denial of left shoulder arthroscopy, as it was medically related and reasonably required to treat the compensable injury. We disagree.

Upon review, we conclude that the Board was not clearly wrong in view of the reliable, probative, and substantial evidence on the whole record demonstrating that Mr. Cella failed to establish that he sustained a traumatic left shoulder injury as a direct result of the incident that occurred on February 8, 2022. The Board noted discrepancies in the evidence presented by Mr. Cella as to how the left shoulder injury occurred. Further, the Board noted that Dr. Bal indicated that the left shoulder problems were due to Mr. Cella's overcompensation for the right shoulder injury; yet Mr. Cella testified and reported in a grievance letter that he injured his left shoulder on August 16, 2022, while moving furniture. The Board also considered that Mr. Cella did not complain about his left shoulder injury until March 13, 2023, which was more than a year after the right shoulder injury. Because the basis of the Board's ruling would not be affected by an analysis under the *Moore* holding, we do not find that the Board erred in not performing any such analysis. Furthermore, the Board correctly found that left shoulder pain may not be added as a compensable diagnosis as the Supreme Court of Appeals of West Virginia has consistently held that pain is a symptom and not a diagnosis that can be added as a compensable condition.[2]

As the Supreme Court of Appeals of West Virginia has set forth, "[t]he 'clearly wrong' and the 'arbitrary and capricious' standards of review are deferential ones which presume an agency's actions are valid as long as the decision is supported by substantial evidence or by a rational basis." Syl. Pt. 3, *In re Queen*, 196 W. Va. 442, 473 S.E.2d 483 (1996). With this deferential standard of review in mind, we cannot conclude that the Board was clearly wrong in finding that Mr. Cella failed to establish that his left shoulder problem was an injury received in the course of and the result of his employment or that the requested left shoulder surgery was medically related and reasonably necessary to treat the compensable injury.

Accordingly, we affirm the Board's March 21, 2024, order.

Affirmed.

**ISSUED:** January 29, 2025

---

[2] *See Whitt v. US Trinity Energy Servs., LLC*, No. 20-0732, 2022 WL 577587 (W. Va. Feb. 25, 2022) (memorandum decision) and *Harpold v. City of Charleston*, No. 18-0730, 2019 WL 1850196 (W. Va. Apr. 25, 2019) (memorandum decision) (holding that pain is a symptom, not a diagnosis, and therefore cannot be added to claim).

5

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear

Judge S. Ryan White, not participating